**UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION, 410 W. MICHIGAN AVE, KALAMAZOO, MI 49007**

FILED - KZ
October 21, 2026 12:33 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
ems Scanned by ES 10/21

ABDUL MOHAMMED,
Plaintiff,

v.

EGIS BLN USA, INC, MOHSIN SHAREEF; YOUNUS SHAREEF AND; EGIS UK – CONSULTING AND ENGINEERING LIMITED;
Defendants.

Case No. ________________

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1:26-cv-3012
Jane M. Beckering
U.S. District Judge

Abdul Mohammed brings this action against Mohsin Shareef, Younus Shareef, EGIS UK – Consulting and Engineering Limited, and EGIS BLN USA, Inc.

## I. NATURE OF THE ACTION

1. This action arises from the alleged misappropriation, conversion, fraudulent retention, and failure to account for approximately $20,000.00 that Plaintiff transferred from his own funds for the express and limited purpose of distribution as Zakat charitable assistance to poor and vulnerable persons in Hyderab ad, Telangana, India during the COVID-19 pandemic.

2. Plaintiff alleges that the funds were not gifts to Mohsin or Younus and were not provided for either Defendant's personal use.

3. Plaintiff alleges that Defendants represented that the money would be distributed to persons eligible to receive Zakat and that Plaintiff relied on those representations.

4. Plaintiff possesses Western Union and related financial documentation concerning transfers made in connection with the arrangement.

5. Plaintiff alleges that Defendants failed to provide an adequate accounting demonstrating that the approximately $20,000 was distributed to the intended beneficiaries and failed to return the money.

6. Plaintiff further alleges that Younus repeatedly acknowledged an obligation to Plaintiff and repeatedly promised over a period of years that the $20,000 would be returned.

7. Plaintiff alleges that Mohsin invoked his professional standing, employment, title and/or affiliation with Egis in circumstances intended to establish credibility and trust in connection with the solicitation and collection of charitable/Zakat funds.

8. Egis protected Mohsin an Younus for their actions and crimes committed against the Plaintiff. Plaintiff further alleges that Mohsin represented that he had been employed by Egis for approximately ten years. Plaintiff asked Egis in writing for only the dates of Mohsin's employment, not for disciplinary records, salary, or another confidential personnel information. Egis declined to provide those dates, even though Mohsin publicly represents even today his Egis employment on his own LinkedIn profile. Although Egis stated on September 15, 2026 that Mohsin is not a current employee, his public LinkedIn profile continued to list him

as currently employed by Egis. Plaintiff asked Egis in writing to have that corrected and, Egis has not caused or requested the correction. Facts concerning the period, nature, and scope of Mohsin's employment with Egis, and what Egis did after notice, are within Egis's exclusive possession.

9. Egis conduct as described in this complaint led to various crimes committed by Egis, Mohsin and Younus as described in Exhibit-2. Plaintiff will file the Exhibit-2 under seal after taking leave from the court to file the Exhibit-2 under seal.

10. Plaintiff alleges that the prolonged alleged conduct, repeated assurances, failure to account, refusal to return the entrusted funds, and subsequent avoidance caused Plaintiff severe emotional distress, in addition to economic injury.

## II. PARTIES

11. Plaintiff Abdul Mohammed is an individual residing in Illinois and alleges that he was located in the United States when material communications and transfers underlying this action occurred.

12. Defendant Mohsin Shareef is, upon information and belief, a British citizen residing at 68 Brackendene, Bristol, United Kingdom BS32 9DH.

13. Public corporate records identify Mohsin Shareef as a director of CTECH BUSINESS CONSULTANT LTD, Company No. 11956676, since April 20, 2019. The company is active and is registered for management consultancy activities other than financial management. Plaintiff further alleges, based on the company records reviewed, that its most recent accounts are made up to April 30, 2025 and report two employees.

14. Public corporate records further identify Mohsin Shareef as a director of A. SDISTROSS LTD, Company No. 16695979, since September 4, 2025. The company is active and is registered for retail sale via mail-order houses or via Internet.

15. Mohsin Shareef's resume, attached hereto as Exhibit 1, identifies him as a strategic project professional with more than 25 years of experience and describes senior project-management roles in Saudi Arabia, the United Kingdom, Qatar, and elsewhere. Plaintiff attaches the resume for identification, professional-background, and credibility-related allegations and does not adopt every statement in the resume as independently verified fact.

16. Defendant Younus Shareef is Mohsin Shareef's elder brother and, upon information and belief, resides at 8-1-21/95, First Floor, Surya Nagar Colony, Toli Chowki, Near Triangular Park, Hyderabad, Telangana 500008, India. Plaintiff alleges that Younus participated in the transactions and subsequent communications concerning Plaintiff's $20,000 and repeatedly represented that Plaintiff's money would be repaid.

17. Defendant EGIS UK - CONSULTING AND ENGINEERING LIMITED is an active private limited company organized under the laws of England and Wales, Company No. 11475428, with registered office at 3 Valentine Place, Southwark, London, England SE1 8QH.

18. Defendant EGIS BLN USA, Inc. ("Egis BLN USA") is the United States arm of the Egis group of companies. Egis BLN USA maintains an office at 48797 Alpha Drive, Suite 130, Wixom, MI 48393 and conducts business

from that address within the Western District of Michigan. Egis UK and Egis BLN USA are referred to collectively as "Egis."

19. Plaintiff alleges that Mohsin was employed by and/or professionally affiliated with Egis and held himself out under an Egis professional title in connection with conduct relevant to this action. Plaintiff will amend these allegations if discovery establishes that a different Egis legal entity was his actual employer during a relevant period.

## III. SUBJECT-MATTER JURISDICTION AND VENUE

20. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a). Plaintiff alleges complete diversity between Plaintiff and the properly joined Defendants.

21. The matter in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff seeks recovery of the $20,000.00 principal economic loss together with independently recoverable compensatory damages for the alleged intentional tortious conduct, damages for severe emotional distress, restitution and equitable relief, and exemplary and/or punitive damages to the extent authorized by the substantive law governing each claim. Plaintiff alleges in good faith that the aggregate value of the relief placed in controversy exceeds $75,000.00, exclusive of interest and costs.

22. Plaintiff separately seeks prejudgment and post-judgment interest to the extent authorized by law, but does not rely upon ordinary interest on the $20,000 principal to satisfy the jurisdictional amount required by 28 U.S.C. § 1332.

23. Plaintiff alleges that Mohsin Shareef and Younus Shareef are citizens or subjects of foreign states and do not reside in the United States.

24. EGIS UK - CONSULTING AND ENGINEERING LIMITED is alleged to be a citizen or subject of the United Kingdom for diversity purposes, subject to the rules governing corporate citizenship.

25. Egis BLN USA is alleged to be a citizen of the State of Indiana for diversity purposes under 28 U.S.C. § 1332(c)(1), as both its state of incorporation and its principal place of business are in Indiana. Egis BLN USA is not a citizen of Illinois, the state of which Plaintiff is a citizen.

26. This Court has personal jurisdiction over Egis BLN USA because, upon information and belief, it maintains an office, conducts business, and transacts business in the State of Michigan and within this District.

27. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Egis BLN USA, upon information and belief, maintains an office and conducts business in this District and is subject to personal jurisdiction here, and under 28 U.S.C. § 1391(c)(3) as to Mohsin, Younus, and Egis UK, who are not residents of the United States and may be sued in any judicial district. Plaintiff acknowledges that personal jurisdiction over Egis UK must independently satisfy applicable federal and constitutional requirements and alleges that additional jurisdictional facts concerning the Egis corporate structure and United States operations are matters to be developed through appropriate discovery.

## IV. FACTUAL ALLEGATIONS

### A. The Zakat Arrangement:

28. During the COVID-19 pandemic, Plaintiff desired to use his personal funds to provide Zakat assistance to persons eligible to receive such assistance in Hyderabad, Telangana, India.

29. Plaintiff alleges that Mohsin and Younus represented, directly or through coordinated conduct, that they could facilitate distribution of Plaintiff's money to appropriate recipients.

30. Plaintiff understood and intended that the money was entrusted solely for distribution to appropriate charitable beneficiaries and did not authorize Defendants to appropriate it for personal expenses, investments, property, or enrichment.

31. Relying upon Defendants' representations, Plaintiff transferred funds totaling approximately $20,000.00, including transfers through Western Union.

### B. Failure to Account and Repeated Promises:

32. After transferring the funds, Plaintiff sought information concerning their distribution.

33. Plaintiff alleges that Defendants failed to provide documentation sufficient to establish that the funds had been delivered to the intended beneficiaries.

34. Plaintiff repeatedly requested an accounting and/or return of his money.

35. Plaintiff alleges that Younus repeatedly acknowledged the obligation and promised that approximately $20,000 would be returned to Plaintiff.

36. Despite the alleged promises, the money was not returned.

37. Plaintiff alleges that Younus later blocked communications from multiple WhatsApp numbers used by Plaintiff and failed to provide repayment.

### C. Mohsin's Professional Position and Egis:

38. During relevant periods, Plaintiff alleges that Mohsin publicly held himself out as an engineering professional associated with Egis and as holding a senior bridges-and-tunnels role.

39. Plaintiff alleges that Mohsin used his professional reputation, employer affiliation and/or designation to enhance his credibility in connection with the activities alleged herein.

40. Plaintiff subsequently complained to Egis concerning Mohsin's alleged conduct and supplied documentary material concerning the transfer of money.

41. Plaintiff alleges that Egis thereafter had actual notice of Plaintiff's allegations.

### D. Emotional Harm:

42. Plaintiff alleges that the circumstances surrounding the entrusted charitable funds were uniquely serious to him because the funds were specifically intended to assist poor and vulnerable beneficiaries during the COVID-19 pandemic.

43. Plaintiff alleges that Defendants' repeated assurances that the money would be returned, followed by years of nonpayment, failure to account, and avoidance, prolonged the dispute and caused severe emotional distress.

44. Plaintiff alleges that the emotional injury was distinct from ordinary disappointment over an unpaid debt and resulted from the alleged intentional or reckless course of conduct surrounding money entrusted for a humanitarian purpose.

**COUNT 1**
**FRAUD / FRAUDULENT INDUCEMENT**
*Against Mohsin Shareef and Younus Shareef*

45. Plaintiff incorporates Paragraphs 1-44.

46. Plaintiff alleges that Defendants materially represented that entrusted money would be used for the represented Zakat/charitable purpose.

47. Plaintiff alleges that he relied upon those representations in transferring approximately $20,000.

48. To the extent the evidence establishes that Defendants intended, when making the representations, not to perform the promised distribution, Plaintiff alleges that the representations were knowingly false when made.

49. Plaintiff alleges actual economic and other legally compensable injury as a direct and proximate result.

**COUNT 2**
**CONVERSION**
*Against Mohsin Shareef and Younus Shareef*

50. Plaintiff incorporates Paragraphs 1-49.

51. Plaintiff delivered identifiable funds for a specifically limited purpose and did not authorize Defendants to exercise permanent ownership over those funds inconsistently with that purpose.

52. Plaintiff demanded an accounting and/or return after Defendants allegedly failed to demonstrate proper distribution. Plaintiff alleges that Defendants wrongfully exercised dominion or control over money in which Plaintiff retained enforceable rights arising from the limited-purpose entrustment.

**COUNT 3**

**BREACH OF CONTRACT / PROMISE TO REPAY**
*Against Mohsin Shareef and Younus Shareef*

53. Plaintiff incorporates Paragraphs 1-52.

54. Plaintiff alleges that Defendants accepted Plaintiff's money subject to an agreement that it would be distributed for the specified charitable purpose.

55. Alternatively, and additionally, Plaintiff alleges that Younus subsequently promised that the $20,000 would be repaid.

56. Plaintiff alleges breach by failure to account for the funds, failure to use them for the agreed purpose and/or failure to return them as promised.

**COUNT 4**
**UNJUST ENRICHMENT / RESTITUTION**
*Against Mohsin Shareef and Younus Shareef*

57. Plaintiff incorporates Paragraphs 1-56.

58. Plaintiff alleges that Defendants received the benefit of approximately $20,000 that was not intended as a personal gift and that retention without accomplishing the represented purpose or returning the money would unjustly enrich them.

**COUNT 5**
**BREACH OF FIDUCIARY / AGENCY DUTY**
*Against Mohsin Shareef and Younus Shareef*

59. Plaintiff incorporates Paragraphs 1-58.

60. Plaintiff alleges that he entrusted Defendants with money for a specific purpose and relied upon them to act on his behalf in distributing it to intended beneficiaries.

61. Plaintiff alleges that Defendants accepted that undertaking and assumed duties to use the entrusted property for its designated purpose, avoid self-dealing, maintain appropriate records, and account for its disposition.

62. Plaintiff alleges breach of those duties through failure to provide an adequate accounting, failure to return the funds, and conduct inconsistent with Plaintiff's instructions.

**COUNT 6**
**ACCOUNTING AND EQUITABLE RELIEF**
*Against Mohsin Shareef and Younus Shareef*

63. Plaintiff incorporates Paragraphs 1-62. The disposition of Plaintiff's funds is principally within Defendants' knowledge. Plaintiff seeks an accounting identifying the receipt, transfer, expenditure, and ultimate disposition of the approximately $20,000.

64. To the extent Plaintiff's funds or proceeds can be traced to identifiable property, Plaintiff seeks a constructive trust and/or other equitable relief permitted by governing law.

**COUNT 7**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
*Against All Defendants*

65. Plaintiff incorporates Paragraphs 1-64.

66. Plaintiff alleges that, considered cumulatively, Defendants engaged in an extreme and outrageous course of conduct by obtaining funds entrusted for a humanitarian and charitable purpose, failing to account for or return those funds, repeatedly assuring Plaintiff over a prolonged period that repayment would occur, and thereafter avoiding Plaintiff's demands.

67. Plaintiff alleges that Defendants acted intentionally or recklessly with respect to the probability that this course of conduct would cause Plaintiff severe emotional distress.

68. Plaintiff alleges that Defendants' conduct actually and proximately caused him severe emotional distress.

69. Plaintiff alleges damages resulting from that severe emotional distress in an amount to be determined by the trier of fact.

## COUNT 8
## EGIS CORPORATE RESPONSIBILITY AND AGENCY

*Against EGIS UK – Consulting and Engineering Limited and EGIS BLN USA, Inc.*

70. Plaintiff incorporates Paragraphs 1-69.

71. Plaintiff alleges that Mohsin used his association, position and/or designation with Egis to enhance his credibility in connection with the activities alleged herein.

72. After Plaintiff requested information and provided Egis with written notices and supporting materials, Egis UK responded by letter dated September 15, 2026, signed by its Managing Director, François-Xavier Basselot. Egis acknowledged receiving Plaintiff's September correspondence and complaint, confirmed that Mohsin Shareef was not a current employee, and refused to disclose further information about former employees.

73. Egis characterized the matter as a private dispute, denied its involvement, declined to respond substantively to Plaintiff's requests, warned that Plaintiff's statements were defamatory, and directed Plaintiff to cease further correspondence. Plaintiff asserts that this written response, following actual notice of the conduct of Mohsin Shareef and Younus Shareef, demonstrates Egis's complicity in their actions and an effort to shield their conduct from scrutiny.

## PRAYER FOR RELIEF

WHEREFORE, Abdul Mohammed respectfully requests that the Court:

A. Enter judgment in Plaintiff's favor against the Defendants shown by the evidence to be liable;

B. Award more than $75,000.00 in actual economic damages;

C. Award compensatory damages for severe emotional distress and all other legally compensable injuries proven at trial;

D. Award punitive, exemplary, or other non-compensatory damages against any Defendant and on any claim for which such damages are authorized by the governing substantive law and supported by the evidence;

E. Order an accounting concerning Plaintiff's approximately $20,000;

F. Order restitution and disgorgement to the extent legally available;

G. Impose a constructive trust or other equitable remedy over identifiable property or proceeds traceable to Plaintiff's funds where legally warranted;

H. Enter judgment imposing an equitable lien in Plaintiff's favor on the properties in India, the United Kingdom, and the United States, in the amount of Plaintiff's traceable funds, and order Defendants to take all steps necessary to record or give effect to that lien under applicable law;

**I. Pending final judgment, enjoin Defendants, and all persons acting in concert with them, from selling, transferring, conveying, encumbering, or otherwise disposing of, or attempting to do so, any movable or immovable property, wherever located, including in India, the United Kingdom, and the United States, and declare that, to the extent permitted by law, any such sale, transfer, or attempted sale or transfer in violation of the Court's order shall be void *ab initio* and void *nunc pro tunc*;**

J. Award prejudgment and post-judgment interest to the extent authorized by law, separately from the jurisdictional amount in controversy;

K. Award taxable costs; and Grant such other legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

## ADDITIONAL REQUEST CONCERNING LIABILITY AND ENFORCEMENT

Abdul Mohammed requests that, if the evidence and governing law establish that two or more defendants are jointly and severally liable for the same indivisible injury, judgment be entered jointly and severally against those defendants. Alternatively, judgment should specify each defendant's liability as required by applicable law.

Dated: October 16, 2026

Respectfully submitted,

ABDUL MOHAMMED
Plaintiff, Pro Se,
258 East Bailey Rd, Apt C,
Naperville, Illinois 60565
aamohammedksa@hotmail.com
Ph:331-229-6483

how2r

PRESS FIRMLY TO SE

UNITED STATES POSTAL SERVICE.

Re

P

US POSTAGE PAID

$13.90

Origin: 60
10/16/26
16441004

PRIORITY MAIL®

0 Lb 6.3

RDC

EXPECTED DELIVERY DAY: 10/20/26

C004

SHIP TO:

OFC 107
410 W MICHIGAN AVE
KALAMAZOO MI 49007-3746

USPS TRACKING® #

9505 5107 0273 6289 6442 36

UNI
POST

- Expected delivery da
- Domestic shipments
- USPS Tracking® serv
- Limited international
- When used internati

*Insurance does not cover c
Domestic Mail Manual at htt
** See International Mail Ma

FLAT RAT
ONE RATE ■ ANY W

TRACKED

PS00001142500

EP14F-
OD: 12 1/2 x 9 1/2

This package is made from post-consumer waste. Please recycle - again.

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

ail
RESS FIRMLY TO SEAL

40
)-7
TY
®
Oz
01
stinations.
ge.
Pickup,

FROM:

ABDUL MOHAMMED
258 E. Bailey RD, APTC,
Naperville, IL 60565

TO:

United States District court
For the western District
of Michigan, Southern Division
107 Federal Building,
410 W. Michigan Ave
Kalamazoo, MI 49007

PAPER POUCH
how2recycle.info

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14F-250 © U.S. Postal Service; May 2026; All rights reserved.